# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AX Wireless, LLC<br><br>    Plaintiff,<br><br>v.<br><br>Ubiquiti Inc.<br><br>    Defendant. | Civil Action No. 1:26-cv-1174<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AX Wireless, LLC ("AX Wireless" or "Plaintiff"), for its Complaint against Defendant Ubiquiti Inc. (referred to herein as "Ubiquiti" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

2. This Complaint is based on the unlawful and unauthorized making, using, selling, importing and/or providing and causing to be used of devices, systems, and/or methods that infringe, either literally or under the doctrine of equivalents, directly or indirectly, at least one or more claims of U.S. Patent No. 10,079,707 ("the '707 patent"); U.S. Patent No. 10,917,272 ("the "'272 patent"); U.S. Patent No. 11,646,927 ("the '927 patent"); U.S. Patent No. 11,777,776 ("the '776 patent"); and U.S. Patent No. 12,063,134 ("the '134 patent"). A copy of each of the '707 patent, '272 patent, the '927 patent, the '776 patent, and the '134 patent (collectively "Asserted Patents") is attached as Exhibits 1, 2, 3, 4, and 5, respectively.

3. Defendant imports into the United States, and offers for sale and sells in the United States, including on information and belief, within this judicial district, devices with

wireless networking technology—including but not limited to wireless router systems, modems, access points, and components thereof (the "Accused Products")—that practice without license one or more claims of one or more of the Asserted Patents.

4. Ubiquiti has imported, sold for importation, and/or sold within the United States after importation, the U7-Pro-US Access Point (the "Exemplary Accused Product").

## THE PARTIES

5. Plaintiff AX Wireless, LLC is a Texas limited liability company having its headquarters at 2025 Guadalupe Street, Suite 260, Austin, TX 78705.

6. Upon information and belief, Defendant Ubiquiti is a corporation organized under the laws of the State of Delaware, with a place of business at 685 Third Avenue, Suite 27, New York, NY 10017. Upon information and belief, Ubiquiti imports, sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this judicial district under 28 U.S.C. § 1400(b). On information and belief, Ubiquiti has a regular and established place of business in this District. In particular, Ubiquiti maintains a corporate office and research and development facility at 1250 S Grove Ave, Suite 100, Barrington, Illinois 60010 (the "Schaumburg/Chicago facility"). Ubiquiti's Schaumburg/Chicago facility is more than four times the size of its New York headquarters, making it the largest non-warehouse Ubiquiti facility in the United States.

10. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Illinois and this District, pursuant to due process and/or Illinois Long Arm Statute, 735 ILCS 5/2-209, because Defendant purposefully availed itself of the privileges of conducting business in the State of Illinois and in this District, because Defendant regularly conducts and solicits business within the State of Illinois and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Illinois and this District.

## THE ASSERTED PATENTS

### 1. The '707 Patent

11. AX Wireless owns by assignment the entire right, title, and interest in the '707 patent, titled "Receiver Method and Apparatus for Variable Header Repetition in a Wireless OFDM Network," which issued on September 18, 2018. The '707 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 15/958,519, filed April 20, 2018. It expires on August 20, 2030.

12. The '707 patent describes a communication system that can transmit and receive data more reliably over wireless networks using Orthogonal Frequency Division Multiplexing (OFDM), compared to the then-existing networks, by repeating certain information within the header of a frame across multiple transmission blocks (or "OFDM symbols"). The header contains the information needed to reliably receive and understand the rest of the frame. Specifically, the inventors of the '707 patent claimed a communication apparatus that receives two types of data packets: a first type where header information is received in two blocks, and a second type where each of the two blocks is repeated such that the header information is received

over four blocks. This repetition helps ensure the receiver can successfully decode the header in a noisy environment, even if portions of the header are lost in transmission.

### 2. The '272 Patent

13. AX Wireless owns by assignment the entire right, title, and interest in the '272 patent, titled "Non-transitory computer-readable information storage media for variable header repetition in a wireless OFDM network," which issued on February 9, 2021. The '272 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 16/780,589, filed February 3, 2020. It expires August 20, 2030.

14. The '272 patent describes a communication system that can transmit and receive data more reliably over wireless networks using Orthogonal Frequency Division Multiplexing (OFDM), compared to the then-existing networks, by repeating certain information within the header of a frame across multiple transmission blocks (or "OFDM symbols"). The header contains information needed to receive and understand the rest of the frame reliably. Specifically, the inventors of the '272 patent claimed a method performed by one or more processors in a transmission apparatus to transmit two types of packets: a first type where header information is sent in two blocks, and a second type where each of the two blocks is repeated such that the header information is sent over four blocks. This repetition helps ensure the receiver can successfully decode the header in a noisy environment even if portions of the header are lost in transmission. The inventors of the '272 patent also claimed a method performed by one or more processors in a transmission apparatus to receive and decode the two types of packets.

### 3. The '927 Patent

15. AX Wireless owns by assignment the entire right, title, and interest in the '927 patent, titled "Header repetition in packet-based OFDM systems," which issued on May 9, 2023.

The '927 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 17/540,189, filed December 1, 2021. It expires on August 20, 2030.

16. The '927 patent describes a communication system that can transmit and receive data more reliably over wireless networks using Orthogonal Frequency Division Multiplexing (OFDM), compared to the then-existing networks, by repeating certain information within the header of a frame across multiple blocks (or "OFDM symbols"). The header contains information needed to receive and understand the rest of the frame reliably. Specifically, the inventors of the '927 patent claimed a communication apparatus that transmits two types of data packets: a first type where header information is transmitted in two blocks, and a second type where each of the two blocks is repeated such that the header information is transmitted over four blocks. This repetition helps ensure a receiver can successfully decode the header in a noisy environment even if portions of the header are lost in transmission.

### 4. The '776 Patent

17. AX Wireless owns by assignment the entire right, title, and interest in the '776 patent, titled "Header repetition in packet-based OFDM systems," which issued on October 3, 2023. The '776 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 17/939,904, filed September 7, 2022. It expires on August 20, 2030.

18. The '776 patent describes a wireless communication system that enables different generations of devices to coexist and communicate within the same network using Orthogonal Frequency Division Multiplexing (OFDM). The system supports two packet formats: a basic format where header information is sent once in a single transmission block (or "OFDM symbol"), and an extended format where the same header information is repeated in a second consecutive transmission block. Specifically, the inventors of the '776 patent claimed an

improved receiver apparatus that can automatically determine which format was used for a given packet by examining whether the header repeats. When the receiver detects that a second transmission block contains a repetition of the header, it recognizes the packet as the extended format. When no such repetition is detected, it identifies the packet as the basic format. This automatic detection mechanism allows older devices designed to handle only the basic format and newer devices capable of processing both formats to operate seamlessly on the same network and improves backwards compatibility.

### 5. The '134 Patent

19. AX Wireless owns by assignment the entire right, title, and interest in the '134 patent, titled "Header repetition in packet-based OFDM systems," which issued on August 13, 2024. The '134 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 18/234,879, filed August 17, 2023. It expires on August 20, 2030.

20. The '134 patent describes a wireless communication system that enables different generations of devices to coexist and communicate within the same network using Orthogonal Frequency Division Multiplexing (OFDM). The system supports two packet formats: a basic format where header information is sent once in a single transmission block (or "OFDM symbol"), and an extended format where the same header information is repeated in a second consecutive transmission block. Specifically, the inventors of the '134 patent claimed an improved transmitter apparatus that can transmit packets of both formats. This would enable a receiver to distinguish between the formats by detecting whether a second transmission block contains a repetition of the header and improves backwards compatibility. Moreover, the repetition indicating a packet of the second format is applied only to the header, and not to the contents (or "payload") of the data packet.

## COUNT I – INFRINGEMENT OF THE '707 PATENT

21. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

22. Ubiquiti directly infringes the '707 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the U7-Pro-US Access Point, without license or authority.

23. The U7-Pro-US Access Point directly infringes, literally and/or under the doctrine of equivalents, at least claim 1 of the '707 patent.

24. As shown in the attached claim charts at Exhibit 6, the U7-Pro-US Access Point and the components thereof satisfy all limitations of at least claim 1 of the '707 patent.

25. Ubiquiti's direct infringement of the '707 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing, using, selling, and offering to sell products that practice the '707 product in the United States.

26. The claims of the '707 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and, moreover, contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent-ineligible concept itself. The written description of the '707 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## COUNT II – INFRINGEMENT OF THE '272 PATENT

27. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

28. Ubiquiti directly infringes the '272 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the U7-Pro-US Access Point, without license or authority.

29. The U7-Pro-US Access Point directly infringes, literally and/or under the doctrine of equivalents, at least claims 1 and 11 of the '272 patent.

30. As shown in the attached claim charts at Exhibit 7, the U7-Pro-US Access Point and the components thereof satisfy all limitations of at least claims 1 and 11 of the '272 patent.

31. Ubiquiti's direct infringement of the '272 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing, using, selling, and offering to sell products that practice the '272 product in the United States.

32. The claims of the '272 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and, moreover, contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent-ineligible concept itself. The written description of the '272 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## COUNT III – INFRINGEMENT OF THE '927 PATENT

33. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

34. Ubiquiti directly infringes the '927 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the U7-Pro-US Access Point, without license or authority.

35. The U7-Pro-US Access Point directly infringes, literally and/or under the doctrine of equivalents, at least claims 1–2 of the '927 patent.

36. As shown in the attached claim charts at Exhibit 8, the U7-Pro-US Access Point and the components thereof satisfy all limitations of at least claims 1–2 of the '927 patent.

37. Ubiquiti's direct infringement of the '927 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing, using, selling, and offering to sell products that practice the '927 patent in the United States.

38. The claims of the '927 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and, moreover, contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent-ineligible concept itself. The written description of the '927 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## COUNT IV – INFRINGEMENT OF THE '776 PATENT

39. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

40. Ubiquiti directly infringes the '776 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the U7-Pro-US Access Point, without license or authority.

41. The U7-Pro-US Access Point directly infringes, literally and/or under the doctrine of equivalents, at least claims 1–6 of the '776 patent.

42. As shown in the attached claim charts at Exhibit 9, the U7-Pro-US Access Point and the components thereof satisfy all limitations of at least claims 1–6 of the '776 patent.

43. Ubiquiti's direct infringement of the '776 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing, using, selling, and offering to sell products that practice the '776 patent in the United States.

44. The claims of the '776 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and, moreover, contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent-ineligible concept itself. The written description of the '776 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

### COUNT V – INFRINGEMENT OF THE '134 PATENT

45. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

46. Ubiquiti directly infringes the '134 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the U7-Pro-US Access Point, without license or authority.

47. The U7-Pro-US Access Point directly infringes, literally and/or under the doctrine of equivalents, at least claims 1–7 of the '134 patent.

48. As shown in the attached claim charts at Exhibit 10, the U7-Pro-US Access Point and the components thereof satisfy all limitations of at least claims 1–7 of the '134 patent.

49. Ubiquiti's direct infringement of the '134 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing, using, selling, and offering to sell products that practice the '134 patent in the United States.

50. The claims of the '134 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and, moreover, contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent-ineligible concept itself. The written description of the '134 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

(a) Finding that Defendant has infringed each of the Asserted Patents;

(b) Issuing a permanent injunction that prohibits Defendant, and its respective affiliates, employees, agents, officers, directors, attorneys, successors, and assigns, and all those acting on behalf of or in active concert or participation with any of them, from infringing each of the Asserted Patents;

(c) Requiring that Defendant pay Plaintiff damages sufficient to compensate Plaintiff for Defendant's infringements of each Asserted Patent and an amount not less than a reasonable royalty;

(d) Awarding Plaintiff prejudgment interest, post-judgment interest, and costs; and

(e) Such other and further relief as the Court may deem appropriate

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues raised by this Complaint that are properly triable by a jury.

Dated: February 2, 2026

*/s/ Lowell Jacobson*
C. Chad Henson (N.D. Ill. Bar No. 24087711)
Lowell Jacobson (N.D. Ill. Bar No. 6318852)
DEVLIN LAW FIRM LLC
1526 Gilpin Ave.
Wilmington, DE 19806
Telephone: (302) 449–9010
Facsimile: (302) 353–4251
chenson@devlinlawfirm.com
ljacobson@devlinlawfirm.com

*Attorney for Plaintiff AX Wireless, LLC*